JS - 6   O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. CV 09-7565 CAS |
| ) | CR 99-1363(A) |
| Plaintiff-Respondent, ) | |
| ) | |
| vs. ) | PETITIONER'S MOTION TO VACATE, |
| ) | SET ASIDE OR CORRECT SENTENCE |
| ) | PURSUANT TO 28 U.S.C. § 2255 |
| GEORGE MICHAEL RUELAS ) | |
| ) | |
| ) | |
| Defendant-Petitioner. ) | |
| _____ ) | |

**I.   INTRODUCTION**

Petitioner George Michael Ruelas is a former California Highway Patrolman ("CHP") who was convicted of conspiring with other law enforcement officers pursuant to 21 U.S.C. §§ 846, 841(a)(1) (conspiracy to possess with intent to distribute cocaine) and 21 U.S.C. § 841(a)(1) (possession with intent to distribute cocaine). The conspiracy included a July 4, 1997 theft of 295 kilograms of cocaine from the California Bureau of Narcotics Enforcement's ("BNE") Riverside evidence vault.

On November 21, 2002, petitioner was sentenced to 360-months in prison. On

the same day, petitioner appealed. The Ninth Circuit affirmed on May 5, 2004.

On petition for Writ of Certiorari, filed on August 4, 2004, the United States Supreme Court remanded the case for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). Upon remand from the Supreme Court, the Ninth Circuit affirmed in part and remanded in part for consideration in light of United States v. Ameline, 409 F.3d 1073, 1084-86 (9th Cir. 2005) (en banc). See United States v. Ruelas, 412 F.3d 1051; 286 Fed. Appx. 528. On October 17, 2006, petitioner was re-sentenced to 228-months in prison.

On October 27, 2006, petitioner again appealed to the Ninth Circuit and the appeal was denied on July 22, 2008. On August 7, 2008, the Ninth Circuit affirmed the sentencing imposed upon remand and otherwise denied petitioner's appeal. On October 13, 2008, petitioner's petition for Writ of Certiorari to the United States Supreme Court was denied.

On October 16, 2009, petition filed the instant motion for relief from his sentence pursuant to 28 U.S.C. § 2255.

Petitioner moves to set aside, vacate or correct his sentence on the grounds that: (1) his conviction was obtained through the government's failure to disclose exculpatory material evidence proving the specific kilograms of cocaine possessed by petitioner and trafficked by co-conspirators; (2) his conviction was obtained through the government's knowing use of false evidence and/or by allowing false evidence to go uncorrected at trial in violation of the due process clause of the Fifth Amendment; (3) his conviction was obtained through the misleading admission of falsely portrayed and unauthenticated evidence; (4) his conviction was obtained by the use of purported statements obtained by the government in violation of established rules; (5) his conviction was facilitated through the use of evidence obtained in violation of the Fourth Amendment; (6) petitioner was denied effective assistance of counsel; (7) the cumulative effect of these violations resulted in a fundamentally flawed and structurally unfair trial proceeding in violation of petitioner's Fifth Amendment right to due

process; and (8) petitioner's sentence for supervisory release on the condition of one drug test within fifteen days of release and at least two tests thereafter is improper and without a rational basis.

On January 25, 2010, the government filed its opposition. On July 6, 2010, petitioner filed a reply on July 6, 2010. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.     BACKGROUND

In or around 1990, petitioner, petitioner's half-brother Richard Wayne Parker ("Parker"), a BNE agent, and James Tracy Strickler, a Pima County Sheriff's Deputy, conspired to use police intelligence to steal narcotics and cash. Opp'n 2:11-16. In 1992, petitioner recruited fellow CHP officer Michael Wilcox ("Wilcox") into the conspiracy. From 1992 to 1993, the conspirators posed as uniformed law enforcement officers and knocked on the doors of suspected drug houses. Reporter's Transcript ("RT") 5/1/02: 52-53, 60-72. The conspirators stole drugs found on the premises and split the profits of sale. RT 5/1/02: 52-53.

On July 4, 1997, petitioner and Wilcox stole 295 kilograms of cocaine from the BNE evidence vault. Parker and Wilcox were responsible for storing and distributing the cocaine.

In or around 1998, Parker was arrested. Opp'n 2:25-26. In 1999, he was convicted of narcotics offenses and sentenced to a term of life in prison. Opp'n 2:26-27.

In or about November 1999, Wilcox was arrested. Wilcox agreed to become a government informant. RT 4/30/02: 9-11, 75-76. As part of his cooperation, Wilcox secretly recorded his conversations with petitioner. RT 4/30/02: 76-79. During a recorded conversation in November 1999, Wilcox told petitioner that law enforcement authorities were contacting him and suggesting that Parker had cooperated with the government to implicate Wilcox. RT 4/30/02: 79-81, 85-89. Petitioner denied that Parker was cooperating with the government and stated that if Parker implicated

Wilcox, Parker would have also implicated petitioner.  RT 4/30/02: 85, 87.

During the same recorded conversation, Wilcox and petitioner discussed petitioner's share of the narcotics proceeds and petitioner admitted that he had a role in storing the cocaine.  RT 4/30/02: 89, Ex. 150A.  Petitioner further discussed that they should "pop Orange [BNE]" the way they "[did] Riverside."  RT 4/30/02: 96, Ex. 150A.

### III.    LEGAL STANDARD

A petition pursuant to 28 U.S.C. § 2255 challenges a federal conviction and/or sentence to confinement where a prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  Sanders v. United States, 373 U.S. 1, 2 (1963).

### III.    DISCUSSION

Claims that have not previously been raised are generally procedurally barred and cannot be raised for the first time in a § 2255 motion.  United States v. Frady, 456 U.S. 156, 167 (1982).  However, claims for ineffective assistance of counsel are not subject to procedural default.  Massaro v. United States, 538 U.S. 500, 504 (2003) (holding that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal").

Here, petitioner's § 2255 motion is comprised of eight claims that were not raised on appeal.  Accordingly, petitioner is barred from raising the first through fifth and seventh and eighth claims for relief.  Because petitioner's sixth claim for ineffective assistance of counsel is not subject to procedural default under Massaro, petitioner's sixth claim is not barred.  Massaro, 538 U.S. at 504.

Ineffective assistance of counsel constitutes a violation of the Sixth Amendment right to counsel, and thus, if established, is grounds for relief under § 2255.  To establish ineffective assistance of counsel, a petitioner must prove by a preponderance of the

4

evidence: (1) the assistance provided by counsel fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). A claim of ineffective assistance of counsel fails if either prong of the test is not satisfied and petitioner has the burden of establishing both prongs. Id. at 697; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995).

With respect to the first prong, the court's review of the reasonableness of counsel's performance is "highly deferential," and there is a "strong presumption" that counsel exercised reasonable professional judgment. Id. The petitioner must "surmount the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id.

After establishing an error by counsel and thus satisfying the first prong, a petitioner must satisfy the second prong by demonstrating that his counsel's error rendered the result unreliable or the trial fundamentally unfair. Lockhart v. Fretwell, 506 U.S. 364, 372 (1993). A petitioner must show that there is a reasonable probability that, but for his counsel's error, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. Id.

The Court need not necessarily determine whether petitioner has satisfied the first prong before considering the second. The Supreme Court has held that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." Id. at 670. Indeed, a petitioner's failure to allege the kind of prejudice necessary to satisfy the second prong is sufficient by itself to justify a denial of a petitioner's § 2255 motion without hearing. Hill v. Lockhart, 474 U.S. 52, 60 (1985).

Petitioner claims that his trial counsel provided ineffective assistance by (1) failing to investigate the "required government disclosure of chain of custody

documents" showing that the 607 kilograms of cocaine seized by the Anaheim Police Department ("APD") in 1994, were never transferred to the Riverside BNE, and subsequently stolen by petitioner; (2) failing to "consult or present experts" to testify as to whether the cocaine evidence "match[ed]" the cocaine in the BNE vault; (3) failing to "conduct actual physical inspection of, require custody for, and challenge the authenticity of" the government's tape recordings of petitioner and his co-conspirator at a Marie Calendars in 1999; and (4) failing to investigate and argue the claim for violation of petitioner's Fourth Amendment rights against unreasonable search and seizure.  Mot. at 5c.

The Court concludes that petitioner fails to demonstrate prejudice from any alleged shortcoming of his trial counsel.  Petitioner fails to show a reasonable probability that, but for alleged errors by his counsel, the result of the proceeding would have been different, given the overwhelming evidence linking petitioner to the 295 kilograms of cocaine stolen from the BNE vault.  See Strickland, 466 U.S. at 694 (holding that ineffective assistance of counsel requires a showing of prejudice, which "is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").  Accordingly, the Court denies petitioner's ineffective assistance claim.

Petitioner has not requested an evidentiary hearing.  Based on the factual record and for the reasons stated above, the Court finds that such a hearing is unnecessary.

## V.   CONCLUSION

In light of the foregoing, the Court hereby DENIES petitioner's motion for habeas corpus relief.

Dated: October 12, 2010

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE